IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD FIELDS, | § |
| | § |
| Plaintiff, | § |
| | § |
| | § **CIVIL ACTION NUMBER:** |
| v. | § |
| | § 2:08cv155-WKW |
| TRAVELERS INDEMNITY COMPANY, | § |
| | § |
| Defendant. | § |

## NOTICE OF REMOVAL

COMES NOW Defendant The Automobile Insurance Company of Hartford, Connecticut (hereinafter "AICH"), improperly referenced in Plaintiff's Complaint as "Travelers Indemnity Company," and files this Notice of Removal of this action from the Circuit Court of Montgomery County, Alabama (CV-08-206) to the United States District Court for the Middle District of Alabama, Northern Division, and shows unto the Court the following:

I.

The above-entitled action was commenced in the Circuit Court of Montgomery County, State of Alabama, on February 6, 2008, and is now pending therein. A copy of Plaintiff's Complaint is attached as part of Exhibit "A." Defendant AICH was served with the Complaint on February 12, 2008. The removal of this case to this Court is timely pursuant to 28 U.S.C. Section 1446(a).

II.

Copies of all process, pleadings, and orders served on or by Defendant AICH in said action are attached as Exhibit "A."

III.

This action is one of a civil nature over which the District Court of the United States has original jurisdiction because of diversity of citizenship, pursuant to 28 U.S.C. Section 1332.

IV.

Plaintiff Richard Fields was at the time of the commencement of this action and is now citizen and resident of the State of California. [Exhibit A, Plaintiff's Complaint at ¶ 1].

V.

Defendant AICH was at the time of the commencement of this action is now a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut, and was not at the time of the commencement of this action, nor at any time, a citizen or resident of the State of Alabama.

VI.

Defendant AICH and Plaintiff are citizens and residents of different states. Accordingly, complete diversity exists pursuant to 28 U.S.C. Section 1332(a).

VII.

The matter in dispute in Plaintiff's Complaint exceeds the sum of Seventy-five Thousand and no/100 Dollars ($75,000.00), exclusive of interests and costs. The insurance policy made the basis of the Plaintiff's breach-of-contract claim has a policy limit of $111,500 for the dwelling and $11,150 for loss of use. [Exhibit B, Homesaver policy declarations]. Although Plaintiff's Complaint specifies some of the damages that he alleges to have suffered as a result of the alleged breach-of-contract, Plaintiff also seeks an undisclosed amount of damages for "lost rental income and other expenses."

2

Moreover, Plaintiff asserts separate claims against AICH for bad-faith failure to pay and bad-faith failure to investigate. With respect to each of his bad-faith claims, Plaintiff asserts a claim for "damages in an amount to be determined by this court, plus interest, and costs" as a result of the alleged conduct. Additionally, Plaintiff makes specific demand for an award of punitive damages with respect to each of his bad-faith claims. While Plaintiff does not specifically allege the amount of damages he is seeking in his bad-faith claims, he also does not limit his demand for recovery. Further, the Alabama appellate courts have upheld awards in excess of $75,000 in bad-faith actions. *See, e.g. Acceptance Ins. Co. v. Brown*, 832 So. 2d 1 (Ala. 2001) (the plaintiff alleged breach-of-contract and bad-faith claims against insurer, and Alabama Supreme Court affirmed compensatory damage award of $270,000); *United Services Auto. Assn. v. Hobbs,* 858 So. 2d 966 (Ala. Civ. Appeal 2003) (the plaintiff alleged breach-of-contract and bad-faith claims against insurer, and Alabama Court of Civil Appeals affirmed jury award of $80,000).

Therefore, based on the allegations in Plaintiff's Complaint, the amount of policy limits at issue, and Plaintiff's unspecified claim for compensatory and punitive damages, Plaintiff is seeking damages in excess of the jurisdictional limit of this Court.[1]

WHEREFORE, PREMISES CONSIDERED, Defendant The Automobile Insurance Company of Hartford, Connecticut prays that this Honorable Court will take jurisdiction over this

---

[1] If AICH has misinterpreted Plaintiff's Complaint, and Plaintiff never intends to seek more than $74,999 in damages in this action, removal would not be appropriate. Accordingly, as set forth in *Brooks v. Pre-Paid Legal Services, Inc.*, 153 F. Supp. 2d 1299 (M.D. Ala. 2001), if Plaintiff will file a pleading with this Court and execute an affidavit that he is not seeking, nor will he ever accept, a total damage award for all of his claims against AICH in excess of $74,999, this case will be subject to remand to State Court. In the event that Plaintiff makes such a stipulation by pleading and affidavit, AICH will accept this statement and will concede that the case is not properly removable and is due to be remanded to the Montgomery Circuit Court.

3

matter and issue all necessary orders and process in order to remove the above-referenced action from the Circuit Court of Montgomery County, Alabama.

Respectfully submitted,

*[signature]*

Brenen G. Ely (asb-0366-e54b)
Joel S. Isenberg (asb-8855-n76j)
Candace L. Hudson (asb-8314-n66h)
Attorneys for Defendant The Automobile Insurance Company of Hartford, Connecticut, improperly identified in Plaintiff's Complaint as "Travelers Indemnity Company"

**OF COUNSEL:**
ELY & ISENBERG, LLC
600 Beacon Parkway West, Suite 104
Birmingham, AL 35209
Telephone:    (205) 313-1200
Facsimile:    (205) 313-1201

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the federal court efile system or U.S. Mail on this the 5th day of March, 2008.

James M. Smith, Attorney at Law, P.C.
10A Commerce Row
529 South Perry Street
Montgomery, Alabama 36104

*[signature]*

OF COUNSEL

4

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| RICHARD FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: CV-2008 |
| | ) | |
| TRAVELERS INDEMNITY | ) | |
| COMPANY, | ) | |
| a Connecticut Corporation | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1.  Plaintiff, Richard Fields, is a resident of the state of California and is over nineteen (19) years of age, but owns real property in Montgomery County, Alabama.

2.  Defendant, Travelers Indemnity Company, is a Connecticut corporation, licensed to do business in the state of Alabama. Its registered agent for service is Gregory Miller, 3000 Riverchase Galleria, Birmingham, Alabama 35244.

3.  The acts complained of occurred and relate to the real property located in Montgomery County, Alabama. Thus, this Court has jurisdiction over the matter and venue is proper.

4.  Plaintiff is the owner of an apartment building located at 945-961 East Edgemont Drive, Montgomery, Alabama (the building). The building was insured by the Defendant.

5.  On September 16, 2004, and March 27, 2005, Plaintiff suffered storm-related losses to the building.

6.  As a result of these occurrences, Plaintiff was caused to incur approximately $18,000.00 in repair costs for the building's roof and interior. Plaintiff also suffered lost rental income and other expenses.

7.  In accordance with the terms of his policy and contract of insurance, Plaintiff gave prompt notice of his losses to Defendant.

8.  On January 16, 2005, Defendant issued partial payment for certain roof repairs and clean-up expenses resulting from the September 16, 2005 loss.

9.  On April 15, 2005, Defendant issued a check in the amount of $228.37 to Plaintiff. This check purportedly represented payment for the March 27, 2005 loss.

10. On May 2, 2005, Plaintiff contacted Defendant by letter demanding coverage for additional repair expenses that Plaintiff had incurred for damage not considered or investigated by Defendant's adjuster. Plaintiff contemporaneously provided Defendant with documentation of these expenses.

11. On May 18, 2005, despite having received the additional claim documentation and the claim for lost rental income, Defendant refused to investigate the claim further or make any further payment.

12. Subsequent to Defendant's failure and refusal to pay for Plaintiff's covered losses and lost rental income, Plaintiff referred this matter to his attorney.

13. On September 29, 2006, Plaintiff's counsel notified Defendant, by letter, of the deficiencies in its payment for Plaintiff's covered losses and demanded payment for same.

14. After delay of several months, Defendant requested additional documentation of Plaintiff's actual losses. Said documentation was provided on March 2, 2006. Defendant again failed and refused to issue payment for the covered losses and has continued to do so despite numerous efforts to resolve the matter.

WHEREFORE, the Plaintiff demands judgment against Defendant for damages in an amount to be determined by this Court, plus interest, and costs.

### Count II
### Bad Faith

15. Plaintiff re-alleges and incorporates paragraphs 1-15.

16. Under the terms of its policy and contract of insurance with Defendant, Defendant was obligated to reimburse Plaintiff for the building's "fair rental value" for any period of time for which it was rendered unfit to live in by a loss.

17. After suffering lost rents amounting to approximately $4,360.00 as a result of the covered losses, Plaintiff demanded coverage for same from Defendant.

2

18.    Defendant failed to conduct any investigation of Plaintiff's loss.

19.    Defendant has knowledge that it neither has nor has put forward any legitimate reason for its failure to extend coverage for Plaintiff's lost rental income.

20.    Despite its duty to cover lost rental income, and its knowledge of Plaintiff's loss, Defendant has failed or refused to pay for the same or to pay the reasonable value of the same.

WHEREFORE, the Plaintiff demands judgment against Defendant for damages in an amount to be determined by this Court, plus interest, and costs.

### Count III
### Bad Faith

21.    Plaintiff re-alleges and incorporates paragraphs 1-21.

22.    As a result of losses covered under the terms of Plaintiff's policy and contract of insurance with Defendant, Plaintiff suffered losses for physical damage to his building in excess of $18,000.00.

23.    Defendant has failed to cover certain portions of Plaintiff's loss, including, but not limited to, covered losses for repairs to interior portions of the building.

24.    Defendant has knowledge that it neither has nor has put forward any legitimate reason for its failure to extend coverage for Plaintiff's aforesaid losses.

25.    Defendant has intentionally failed and refused to cover Plaintiff's losses.

26.    As a result of Defendant's bad faith failure to pay for losses, Plaintiff has suffered approximately $7,500.00 in unpaid repair costs for covered losses.

27.    Plaintiff claims punitive damages of Defendant because of Defendant's willful and oppressive conduct.

WHEREFORE, the Plaintiff demands judgment against Defendant for damages in an amount to be determined by this Court, plus interest, and costs.

### Count III
### Bad Faith Failure to Investigate

28.    Plaintiff re-alleges and incorporates paragraphs 1-27 above and adopts same herein by reference.

3

29.  Defendant intentionally failed and refused to properly investigate Plaintiff's losses.

30.  Defendant intentionally failed to determine whether any lawful or arguable reason existed for its refusal to pay Plaintiff's full repair costs and lost rental income.

31.  Plaintiff claims punitive damages of Defendant because of Defendant's willful and oppressive conduct.

WHEREFORE, the Plaintiff demands judgment against Defendant for damages in an amount to be determined by this Court, plus interest, and costs.

## Count IV
### Breach of Contract

32.  Plaintiff re-alleges and incorporates paragraphs 1-31 above and adopts same herein by reference.

33.  Plaintiff avers that the Defendant breached the contract between the parties by its failure to fully pay the claims it is obligated to pay and as consequence thereof the Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment against Defendant for damages in an amount to be determined by this Court, plus interest, and costs.

JAMES M. SMITH (SMI173)
Attorney for Richard Fields, Plaintiff

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS OF THIS CAUSE.

OF COUNSEL:
James M. Smith, Attorney at Law, P.C.
10A Commerce Row
529 South Perry Street
Montgomery, Alabama 36104
Office: (334) 264-5540 Facsimile: (334) 264-5541
E-mail: jim@jimsmith-attorney.com

4

# Exhibit A

CV-08-200

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V 2 0 0 8 ☐☐☐☐ ☐☐ - ☐☐<br>Date of Filing:                    Judge Code:<br>☐☐ ☐☐ ☐☐☐☐        ☐☐☐☐☐<br>Month   Day   Year |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF** _____ **MONTGOMERY** _____, **ALABAMA**
*(Name of County)*

Richard Fields                    v.                    Travelers Indemnity Company

| Plaintiff | | Defendant | |
|---|---|---|---|
| **First Plaintiff** ☐ Business  ☑ Individual<br>☐ Government ☐ Other | | **First Defendant** ☑ Business ☐ Individual<br>☐ Government ☐ Other | |

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☑ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** *(check one):*   F ☑ **INITIAL FILING**      A ☐ **APPEAL FROM**          O ☐ **OTHER:** _____
                                                        **DISTRICT COURT**
                          R ☐ **REMANDED**        T ☐ **TRANSFERRED FROM**
                                                        **OTHER CIRCUIT COURT**

| **HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO | Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure) |
|---|---|

**RELIEF REQUESTED:**   ☐ MONETARY AWARD REQUESTED          ☐ NO MONETARY AWARD REQUESTED

| **ATTORNEY CODE:**<br>S M I 1 7 3 | February 6, 2008<br>Date | _signature_<br>Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**   ☐ YES  ☐ NO  ☐ UNDECIDED

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

RICHARD FIELDS                    )
                                  )
    Plaintiff,              )
                                  )
v.                                )        CIVIL ACTION NO:  CV-2008
                                  )
TRAVELERS INDEMNITY               )
COMPANY,                          )
a Connecticut Corporation         )
                                  )
    Defendant.              )

## COMPLAINT

1.    Plaintiff, Richard Fields, is a resident of the state of California and is over nineteen (19) years of age, but owns real property in Montgomery County, Alabama.

2.    Defendant, Travelers Indemnity Company, is a Connecticut corporation, licensed to do business in the state of Alabama.  Its registered agent for service is Gregory Miller, 3000 Riverchase Galleria, Birmingham, Alabama 35244.

3.    The acts complained of occurred and relate to the real property located in Montgomery County, Alabama.  Thus, this Court has jurisdiction over the matter and venue is proper.

4.    Plaintiff is the owner of an apartment building located at 945-961 East Edgemont Drive, Montgomery, Alabama (the building).  The building was insured by the Defendant.

5.    On September 16, 2004, and March 27, 2005, Plaintiff suffered storm-related losses to the building.

6.    As a result of these occurrences, Plaintiff was caused to incur approximately $18,000.00 in repair costs for the building's roof and interior.  Plaintiff also suffered lost rental income and other expenses.

7.    In accordance with the terms of his policy and contract of insurance, Plaintiff gave prompt notice of his losses to Defendant.

1

8.  On January 16, 2005, Defendant issued partial payment for certain roof repairs and clean-up expenses resulting from the September 16, 2005 loss.

9.  On April 15, 2005, Defendant issued a check in the amount of $228.37 to Plaintiff. This check purportedly represented payment for the March 27, 2005 loss.

10. On May 2, 2005, Plaintiff contacted Defendant by letter demanding coverage for additional repair expenses that Plaintiff had incurred for damage not considered or investigated by Defendant's adjuster. Plaintiff contemporaneously provided Defendant with documentation of these expenses.

11. On May 18, 2005, despite having received the additional claim documentation and the claim for lost rental income, Defendant refused to investigate the claim further or make any further payment.

12. Subsequent to Defendant's failure and refusal to pay for Plaintiff's covered losses and lost rental income, Plaintiff referred this matter to his attorney.

13. On September 29, 2006, Plaintiff's counsel notified Defendant, by letter, of the deficiencies in its payment for Plaintiff's covered losses and demanded payment for same.

14. After delay of several months, Defendant requested additional documentation of Plaintiff's actual losses. Said documentation was provided on March 2, 2006. Defendant again failed and refused to issue payment for the covered losses and has continued to do so despite numerous efforts to resolve the matter.

WHEREFORE, the Plaintiff demands judgment against Defendant for damages in an amount to be determined by this Court, plus interest, and costs.

## Count II
## Bad Faith

15. Plaintiff re-alleges and incorporates paragraphs 1-15.

16. Under the terms of its policy and contract of insurance with Defendant, Defendant was obligated to reimburse Plaintiff for the building's "fair rental value" for any period of time for which it was rendered unfit to live in by a loss.

17. After suffering lost rents amounting to approximately $4,360.00 as a result of the covered losses, Plaintiff demanded coverage for same from Defendant.

2

18.     Defendant failed to conduct any investigation of Plaintiff's loss.

19.     Defendant has knowledge that it neither has nor has put forward any legitimate reason for its failure to extend coverage for Plaintiff's lost rental income.

20.     Despite its duty to cover lost rental income, and its knowledge of Plaintiff's loss, Defendant has failed or refused to pay for the same or to pay the reasonable value of the same.

WHEREFORE, the Plaintiff demands judgment against Defendant for damages in an amount to be determined by this Court, plus interest, and costs.

### Count III
### Bad Faith

21.     Plaintiff re-alleges and incorporates paragraphs 1-21.

22.     As a result of losses covered under the terms of Plaintiff's policy and contract of insurance with Defendant, Plaintiff suffered losses for physical damage to his building in excess of $18,000.00.

23.     Defendant has failed to cover certain portions of Plaintiff's loss, including, but not limited to, covered losses for repairs to interior portions of the building.

24.     Defendant has knowledge that it neither has nor has put forward any legitimate reason for its failure to extend coverage for Plaintiff's aforesaid losses.

25.     Defendant has intentionally failed and refused to cover Plaintiff's losses.

26.     As a result of Defendant's bad faith failure to pay for losses, Plaintiff has suffered approximately $7,500.00 in unpaid repair costs for covered losses.

27.     Plaintiff claims punitive damages of Defendant because of Defendant's willful and oppressive conduct.

WHEREFORE, the Plaintiff demands judgment against Defendant for damages in an amount to be determined by this Court, plus interest, and costs.

### Count III
### Bad Faith Failure to Investigate

28.     Plaintiff re-alleges and incorporates paragraphs 1-27 above and adopts same herein by reference.

3

29.    Defendant intentionally failed and refused to properly investigate Plaintiff's losses.

30.    Defendant intentionally failed to determine whether any lawful or arguable reason existed for its refusal to pay Plaintiff's full repair costs and lost rental income.

31.    Plaintiff claims punitive damages of Defendant because of Defendant's willful and oppressive conduct.

WHEREFORE, the Plaintiff demands judgment against Defendant for damages in an amount to be determined by this Court, plus interest, and costs.

## Count IV
## Breach of Contract

32.    Plaintiff re-alleges and incorporates paragraphs 1-31 above and adopts same herein by reference.

33.    Plaintiff avers that the Defendant breached the contract between the parties by its failure to fully pay the claims it is obligated to pay and as consequence thereof the Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment against Defendant for damages in an amount to be determined by this Court, plus interest, and costs.

JAMES M. SMITH (SMI173)
Attorney for Richard Fields, Plaintiff

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS OF THIS CAUSE.

OF COUNSEL:
James M. Smith, Attorney at Law, P.C.
10A Commerce Row
529 South Perry Street
Montgomery, Alabama 36104
Office: (334) 264-5540 Facsimile: (334) 264-5541
E-mail: jim@jimsmith-attorney.com

4

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | **SUMMONS<br>-CIVIL-** | **Case Number**<br><br>CV-2008 ZO6 |

IN THE _____ Circuit _____ **COURT OF** _____ Montgomery _____ **COUNTY**

**Plaintiff** _____ Richard Fields _____ v. **Defendant** _____ Travelers Indemnity Company _____

**NOTICE TO** _____ Gregory Miller, as registered agent for service for Travelers Indemnity Company _____
_____ 3000 Riverchase Galleria, Birmingham, Alabama 35244 _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ James M. Smith _____ WHOSE ADDRESS IS _____ 10A Commerce Row 529 South Perry Street Montgomery, AL 36104 _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___ 30 ___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[✓] Service by certified mail of this summons is initiated upon the written request of _____ Richard Fields _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____ 2|8|08 _____ By: MW _____

Clerk/Register

[✓] Certified Mail is hereby requested. _____ Plaintiff's/Attorney's Signature _____

RETURN ON SERVICE:

[ ] Return receipt of certified mail received i~

[ ] I certify that I personally delivered a copy ~ in _____ ~nty,
Alabama on _____.
(Date)

_____
Date

_____
Type of Process Server

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage)
For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee<br>(Endorsement Required) | | Postmark<br>Here |
| Restricted Delivery Fee<br>(Endorsement Required) | | ZO6 |
| Total Postage & Fees | $ | |

Sent To _____ Travelers Indemnity _____
Street, Apt. No.;
or PO Box No. _____
City, State, ZIP+4 _____

PS Form 3800, June 2002    See Reverse for Instructions

**SENDER** ___ **THIS SEC** ___

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Gregory Miller
c/o Travelers Indemnity Company
3000 Riverchase Galleria
Birmingham, Alabama
        35244

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _JL Huey_    ☐ Agent
              ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   DL Huey                       2-12

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

   Se CDI

   CV-08-200

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

   7003 3110 0003 7321 4793

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**AlaFile E-Notice**

03-CV-2008-000206.00

Judge: CHARLES PRICE

To:  SMITH JAMES MCCAULEY
jim@jimsmith-attorney.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### RICHARD FIELDS VS. TRAVELERS INDEMNITY COMPANY
### 03-CV-2008-000206.00

The following matter was served on 2/12/2008

### D001 TRAVELERS INDEMNTIY COMPANY
### CERTIFIED MAIL
SIGNED BY D.L. HUEY

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **RICHARD FIELDS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NUMBER:** |
| **v.** | § | |
| | § | **CV - 08 - 206** |
| **TRAVELERS INDEMNITY COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

### NOTICE OF REMOVAL

TO THE PLAINTIFF IN THE ABOVE-STYLED CAUSE AND HIS ATTORNEYS OF RECORD:

Please take notice that on the 5th day of March, 2008, the undersigned, as attorneys for Defendant The Automobile Insurance Company of Hartford, Connecticut (hereinafter "AICH"), improperly referenced in Plaintiff's Complaint as "Travelers Indemnity Company," filed on its behalf a notice of removal in the United States District Court for the Middle District of Alabama, Northern Division, to remove the above-entitled cause of action from the Circuit Court of Montgomery County, Alabama (CV-08-0206) to said United States District Court, and also filed a true copy of said Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama.

Respectfully submitted,

*Candace L Hudson*

Brenen G. Ely (ELY004)
Joel S. Isenberg (ISE001)
Candace L. Hudson (HUD026)
Attorneys for Defendant The Automobile Insurance Company of Hartford, Connecticut, improperly referenced in Plaintiff's Complaint as "Travelers Indemnity Company"

**OF COUNSEL:**
ELY & ISENBERG, LLC
600 Beacon Parkway West, Suite 104
Birmingham, AL 35209
Telephone:     (205) 313-1200
Facsimile:     (205) 313-1201

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the Alacourt efile system or U.S. Mail on this the 5th day of March, 2008.

James M. Smith, Attorney at Law, P.C.
10A Commerce Row
529 South Perry Street
Montgomery, Alabama 36104

OF COUNSEL

2

# Exhibit B

Continuation
Declarations



## HOMESAVER POLICY

| Named Insured | Your Agency's Name and Address |
|---|---|
| RICHARD L FIELDS<br>3233 GRAND AVE<br>CHINO HILLS CA 90923 | GURLEY-COOKE AGENCY INC<br>P O BOX 170099<br>BIRMINGHAM AL  35217 |

| | |
|---|---|
| **Your Policy Number:**    931620688 663 1 | **For Policy Service Call:** (205) 841-4444 |
| **Your Account Number:**   931620688 | **For Claim Service Call:** 1-800-CLAIM33 |

**Policy Period**
FROM: 09-04-04 To: 09-04-05  12:01 A.M.          945-951 EAST EDGEMONT
STANDARD TIME AT THE RESIDENCE PREMISES       MONTGOMERY, AL 36111

| Section I - Property Coverages | Limits of Liability | Premium |
|---|---|---|
| A – Dwelling | $  111,500 | $   456.00 |
| B – Other Structures | 11,150 | INCL |
| C – Household Furnishings | 2,000 | INCL |
| D – Loss of Use | 11,150 | INCL |

| Section II - Liability Coverages | | |
|---|---|---|
| E – Premises Liability | $  300,000 | $    21.00 |
| F – Medical Payments | 1,000 | INCL |

**Policy Forms and Endorsements**

| | |
|---|---|
| HS 663   09 99 | Rental Dwelling Form |
| HS 01 01 12 02 | Special Provisions – Alabama |
| HS 04 10 09 99 | Additional Interest |
| HS 04 16 09 99 | Premises Alarm Or Fire Protection System |
| HS 80 93 12 02 | Limited Fungi, Other Microbes or Rot Remediation |

| | | |
|---|---|---|
| Section I | Property Coverage | $10,000 |
| Section II | Aggregate Sublimit | $50,000 |

| **Total Premium** | $    477.00 |
|---|---|

**Your Premium Reflects the Following Credits or State Surcharges**

Premises Alarm System-Fire                                                    5.0%

Continued on next page             Insured Copy                    Page 1 of 2

**Policy Deductible:** $ 1,000.00 All perils insured against

In case of loss under section I, only that part of the loss over the stated deductible is covered.

## First Mortgagee

CAPITAL BANK
4138 CARMICHAEL RD
MONTGOMERY, AL 36106

## Additional Interest

C K CONSULTANTS
3233 GRAND AVE
CHINO HILLS, CA 91709
Interest: MANAGES PROP

**Your Insurer:** The Automobile Insurance Company of Hartford, Connecticut
One of The Travelers Property Casualty Companies
One Tower Square, Hartford, CT 06183

## For Your Information

Thank you for insuring with Travelers. We appreciate your business. If you have any questions about your insurance, please contact your agent or representative.

These declarations are part of your Homesaver Insurance Policy, Rental Dwelling Form 663. If a change number and effective date appear at the top of this page, these Declarations replace any previous Declarations on that date.

Coverage for your home has been increased by 6.0% to more adequately reflect the cost to rebuild your home. This adjustment was based on information provided by Marshall & Swift/Boeckh, an independent firm specializing in construction and consumer costs. If you need to adjust your limits further, or for any other policy changes, please contact your insurance representative.

PL-8851 1-97    412/0HH223

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004180
Cashier ID: brobinso
Transaction Date: 03/05/2008
Payer Name: ELY AND ISENBERG LLC
------------------------------------
CIVIL FILING FEE
 For: ELY AND ISENBERG LLC
 Case/Party: D-ALM-2-08-CV-000155-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 1087
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

FIELDS V. TRAVELERS INS ETC