IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RICHARD FIELDS,** § | |
| § | |
| **Plaintiff,** § | |
| § | **CIVIL ACTION NUMBER:** |
| **v.** § | |
| § | **2:08-CV-155-WKW** |
| **TRAVELERS INDEMNITY COMPANY,** § | |
| § | |
| **Defendant.** § | |

## MOTION TO DISMISS PLAINTIFF'S BAD-FAITH CLAIMS

COMES NOW Defendant The Automobile Insurance Company of Hartford, Connecticut, improperly identified in Plaintiff's Complaint as "Travelers Indemnity Company," and respectfully moves to dismiss the bad-faith claims asserted in Plaintiff's Complaint. As grounds for this Motion, AICH states as follows:

1. Plaintiff's Complaint in this action asserts the following claims against the defendant: Count II/Bad Faith; Count III/Bad Faith; Count III[sic]/Bad Faith Failure to Investigate; and Count IV/Breach of Contract.

2. However, each of Plaintiff's bad-faith claims is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's bad-faith claims were not timely filed. Thus, each of Plaintiff's bad-faith claims is barred by the statute of limitations and therefore fails to state a claim upon which relief can be granted.

3. A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) can be granted "'when failure to comply with the statute of limitations is plain on the face of the complaint.'" Uter v. Peacock, 2005 WL 1614656 at *1 (S.D. Ala. 2005)(quoting Foster v. Savannah Communication, 2005 WL 1491442 (11th Cir. 2005)). In ruling upon a motion to dismiss

under Rule 12(b)(6), the Court is required to accept the allegations in Plaintiff's Complaint as true and must construe them in the light most favorable to Plaintiff.  See Smith v. Lungsford, 2007 WL 1857216 at *2 (M.D. Ala. 2007)(quoting Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004)).

4. However, even accepting the allegations of Plaintiff's Complaint as true, the facts demonstrate that Plaintiff's bad-faith claims are barred by the applicable statute of limitations.

5. Under Alabama law, the statute of limitations for bad-faith claims is two years. McLeod v. Life of the South Ins. Co., 703 So. 2d 362, 364 (Ala. Civ. App. 1996)(citing Alfa Mut. Ins. Co. v. Smith, 540 So. 2d 691, 692-93 (Ala. 1988)); see also Ala. Code 1975, § 6-2-38(l).[1]

6. A cause of action for bad faith "'accrues upon the event of the bad faith refusal, or upon the knowledge of the facts which would reasonably lead the insured to a discovery of the bad faith refusal.'" Blackburn v. Fidelity & Deposit Co. of Maryland, 667 So. 2d 661, 668 (Ala. 1995)(quoting Safeco Ins. Co. of America v. Sims, 435 So. 2d 1219, 1222 (Ala. 1983)).  In other words, the statute of limitations begins to run "'when the party seeking to bring the action knew of facts which would put a reasonable mind on notice of the *possible existence* of [bad faith].'" Alfa Mut. Ins. Co. v. Smith, 540 So. 2d 691, 692-93 (Ala. 1988)(quoting Farmers & Merchants Bank v. Home Ins. Co., 514 So. 2d 825 (Ala. 1987)(emphasis in Farmers)).

7. In his Complaint, Plaintiff makes the following unequivocal statements:

> 5. On September 16, 2004, and March 27, 2005, Plaintiff suffered storm-related losses to the building.

---

[1] Because this action is based on diversity of citizenship, Alabama law controls statute of limitations questions.  See Uter v. Peacock, 2005 WL 1614656 at *2 n. 3 (S.D. Ala. 2005)(citing Bernard Schoninger Shopping Centers, Ltd. v. J.P.S. Elastomerics, Corp., 102 F.3d 1173, 1177 (11th Cir. 1997)(further citations omitted)).

2

> . . . .
>
> 10. On May 2, 2005, Plaintiff contacted Defendant by letter demanding coverage for additional repair expenses that Plaintiff had incurred for damage not considered or investigated by Defendant's adjuster. Plaintiff contemporaneously provided Defendant with documentation of these expenses.
>
> 11. On May 18, 2005, despite having received the additional claim documentation and the claim for lost rental income, Defendant refused to investigate the claim further or make any further payment.

[Ex. A to Doc. 1, Plaintiff's Complaint].[2]

8. Based on the face of Plaintiff's Complaint, it is clear that Plaintiff was aware of facts that would have put him on notice of the "*possible existence* of bad faith" **no later than May 18, 2005**. Thus, the statute of limitations for Plaintiff's bad-faith claims began to run on May 18, 2005 and any action for bad-faith must have been filed no later than May 18, 2007 – the expiration of Alabama's two-year statute of limitations.

9. Accordingly, based on Plaintiff's unequivocal statements and controlling Alabama law, the filing of Plaintiff's bad-faith claims on February 6, 2008 was outside the statute of limitations, and his claims are time-barred.

10. Because Plaintiff filed his bad-faith claims more than two years after the accrual of those claims, he cannot maintain those claims and they are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

---

[2]AICH denies these allegations in Plaintiff's Complaint, but sets them forth here with the understanding that all facts must be viewed in the light most favorable to the non-moving party for purposes of a motion to dismiss.

11. In addition to the above, AICH sets forth the following defenses to Plaintiffs' Complaint:

    a. Venue of this action is improper.

    b. There is an insufficiency of process.

    c. There is an insufficiency of service of process.

    d. Plaintiff failed to join all parties as required by Federal Rule of Civil Procedure 19.

WHEREFORE, PREMISES CONSIDERED, AICH respectfully moves this Honorable Court to enter an Order dismissing each of the bad-faith claims asserted in Plaintiff's Complaint on a full and final basis.

Respectfully submitted,

/s/ Candace L. Hudson
Brenen G. Ely (asb-0366-e54b)
Joel S. Isenberg (asb-8855-n76j)
Candace L. Hudson (asb-8314-n66h)
Attorneys for Defendant The Automobile Insurance Company of Hartford, Connecticut, improperly identified in Plaintiff's Complaint as "Travelers Indemnity Company"

**OF COUNSEL:**
ELY & ISENBERG, LLC
600 Beacon Parkway West, Suite 104
Birmingham, AL 35209
Telephone:  (205) 313-1200
Facsimile:  (205) 313-1201

**CERTIFICATE OF SERVICE**

  I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the federal court efile system on this the 12th day of March, 2008.

  James M. Smith, Attorney at Law, P.C.
  10A Commerce Row
  529 South Perry Street
  Montgomery, Alabama 36104

            /s/ Candace L. Hudson
            OF COUNSEL