**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **RICHARD FIELDS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NUMBER:** |
| **v.** | § | |
| | § | **2:08-CV-155-WKW** |
| **TRAVELERS INDEMNITY COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

COMES NOW Defendant The Automobile Insurance Company of Hartford, Connecticut ("AICH"), improperly identified in Plaintiff's Complaint as "Travelers Indemnity Company," and in response to Plaintiff's Motion to Remand, states as follows:

1.     Defendant AICH properly removed this action pursuant to 28 U.S.C. Section 1332 on March 5, 2008.

2.     Pursuant to 28 U.S.C. Section 1447, Plaintiff was required to file any motion to remand within 30 days of the date of removal.  Plaintiff's filing of its Motion to Remand on April 14, 2008, was therefore untimely.

AICH acknowledges that this Court may remand any action on the basis of subject matter jurisdiction at any point prior to final judgment.  However, Plaintiff must establish that this Court does not have jurisdiction over this matter, and his Motion to Remand fails to contain the proof necessary to do so.

3.     AICH removed this action based on diversity of citizenship and because it appeared that Plaintiff's Complaint sought damages in excess of $75,000 from Defendant AICH. [See Doc. 1, AICH's Notice of Removal].

4.      In his Motion to Remand, Plaintiff states that "he is not seeking damages equal to or in excess of this court's [sic] jurisdiction of $75,000." [Doc. 7, Motion to Remand, p. 1].  However, Plaintiff's stipulation standing alone is insufficient to establish that the amount in controversy requirement is not met.  In order to establish that he is not seeking damages in excess of the jurisdictional minimum of $75,000, Plaintiff must submit a sworn affidavit that he is not seeking, nor will he ever seek or accept, a judgment or settlement in excess of $74,999.00.  See Lacey v. Dollar General Corp., 2005 WL 3240708 (M.D. Ala. 2005); see also Brooks v. Pre-Paid Legal Svcs., Inc., 153 F. Supp. 2d 1299 (M.D. Ala. 2001).

5.      Unless and until such a submission is made, this action is properly before this Court and the Court has jurisdiction to enter such rulings and orders as may be appropriate.

6.      In the event that Plaintiff submits an affidavit that complies with the requirements outlined in paragraph 2 above, and this Court determines that the action is due to be remanded to the Circuit Court of Montgomery County, Alabama, AICH respectfully requests that this Court enter an Order, pursuant to Judge DeMent's opinions in Lacey and Brooks, irrevocably capping Plaintiff's damages at $74,999, and maintaining jurisdiction over this matter to enter sanctions should Plaintiff disregard his stipulation and statements to this Court.

WHEREFORE, PREMISES CONSIDERED, AICH respectfully requests that this Honorable Court retain jurisdiction of this action until such time as Plaintiff provides a sworn affidavit in which he unequivocally states that he is not seeking, nor will he ever seek or accept, a judgment or settlement in excess of $74,999.  AICH further requests that, should Plaintiff provide such a submission, this Honorable Court enter an Order that irrevocably caps Plaintiff's damages at

$74,999, and maintains jurisdiction over this matter such that sanctions may be entered in the event that Plaintiff later disregards his stipulation and sworn statements to this Court.

Respectfully submitted,

/s/ Candace L. Hudson
Brenen G. Ely (asb-0366-e54b)
Joel S. Isenberg (asb-8855-n76j)
Candace L. Hudson (asb-8314-n66h)
Attorneys for Defendant The Automobile
Insurance Company of Hartford, Connecticut,
improperly identified in Plaintiff's Complaint
as "Travelers Indemnity Company"

**OF COUNSEL:**
ELY & ISENBERG, LLC
600 Beacon Parkway West, Suite 104
Birmingham, AL 35209
Telephone:    (205) 313-1200
Facsimile:    (205) 313-1201

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the federal court efile system on this the 15th day of April, 2008.

James M. Smith, Attorney at Law, P.C.
10A Commerce Row
529 South Perry Street
Montgomery, Alabama 36104

/s/ Candace L. Hudson
OF COUNSEL

3