IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:08-cv-155-WKW |
| | ) | [wo] |
| TRAVELERS INDEMNITY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the court on the defendant's Motion to Dismiss Plaintiff's Bad-Faith Claims (Doc. # 5) and the plaintiff's Motion to Remand (Doc. # 7). The court concludes that the case is due to be remanded because the court does not have jurisdiction, leaving the motion to dismiss to be resolved in state court.

## I. FACTS AND PROCEDURAL HISTORY

On February 6, 2008, Plaintiff Richard Fields ("Fields") filed this lawsuit in the Circuit Court of Montgomery County, Alabama, against his insurer, Defendant Travelers Indemnity Company, which was subsequently self-identified as The Automobile Insurance Company of Hartford, Connecticut ("AICH"). Fields, a California resident, owns property in Montgomery County that is insured by AICH, a Connecticut corporation. Fields states several causes of action sounding in breach of contract and bad faith arising from AICH's alleged improper refusal to investigate and to pay on Fields's claims. Fields's complaint contains generic ad damnum clauses; however, he alleged different amounts of damages throughout the complaint.

(*See* Compl. ¶¶ 17, 22, 26.)

Having been served on February 12, 2008, AICH timely removed the case on March 5, 2008. In its Notice of Removal, AICH asserts diversity jurisdiction. AICH filed the Motion to Dismiss Plaintiff's Bad-Faith Claims (Doc. # 5) on March 12, 2008. Fields did not file a response to the motion, in contravention of the court's briefing order (Doc. # 6); however, Fields filed the Motion to Remand (Doc. # 7), albeit untimely, on April 14, 2008, to which AICH responded (Doc. # 10).

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

## III. ANALYSIS

Although the Motion to Dismiss was filed before the Motion to Remand, the court's analysis begins with the threshold jurisdictional question raised by the Motion to Remand. In the absence of federal jurisdiction, the court lacks the power to decide the Motion to Dismiss and must remand the action to state court without reaching the question of whether Fields has failed to state a bad faith claim against AICH. *See Morrison v. Allstate Indem. Co.*, 228 F.3d

2

1255, 1261 (11th Cir. 2000).

A defendant may remove a state court action if the district court has original jurisdiction over the subject matter. 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391-92 (1987). AICH contends diversity jurisdiction exists. Diversity jurisdiction exists where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. To determine the amount in controversy, a court first looks to the amount alleged in the complaint. *Burns*, 31 F.3d at 1095. If the plaintiff does not specifically allege an amount in controversy, the defendant must establish the amount in controversy by a preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007), *reh'g en banc denied*, Nos. 06-16324, 06-16325, 2008 WL 41327 (11th Cir. Jan. 3, 2008), *petition for cert. filed*, 76 U.S.L.W. 3540 (U.S. Apr. 1, 2008) (No. 07-1246). In resolving a motion to remand under the preponderance of evidence standard, "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." *Id.* at 1211.

AICH makes three arguments in response to Fields's Motion to Remand. First, AICH contends that Fields's motion was untimely filed. The motion was filed out of time; however, remand may still proper if the court does not have subject matter jurisdiction. As will be seen, the court finds a lack of subject matter jurisdiction; thus, this argument fails.

Second, AICH argues that the burden is on Fields to establish that the court does not have jurisdiction. AICH is wrong; *Lowery* clearly places the burden on the defendant to

3

establish the jurisdictional amount in controversy.

Third, AICH states that Fields "must submit a sworn affidavit that he is not seeking, nor will he ever seek or accept, a judgment or settlement in excess of $74,999.00" in order to establish that the amount in controversy requirement is not met. (Def.'s Resp. ¶ 4.) This is not the law of this circuit. *Lowery* requires the court to look to the face of the complaint and then places the burden on the defendant to establish the amount in controversy if a specific amount is not alleged in the complaint.

The *ad damnum* clauses in the instant complaint, which are stated after each cause of action, do not specifically allege a total amount of damages: "WHEREFORE, the Plaintiff demands judgment against Defendant for damages in an amount to be determined by this Court, plus interest, and costs." (Compl. 2-4.) However, the complaint does allege that Fields incurred certain damages, *i.e.*, "approximately $18,000.00 in repair costs for the building's roof and interior," "lost rents amounting to approximately $4,360.00," and "approximately $7,500.00 in unpaid repair costs for covered losses." (*Id*. at ¶¶ 6, 17, 26.) It is further alleged that AICH issued to Fields "partial payment" on one occasion and "issued a check in the amount of $228.37" on a separate occasion. (*Id*. at ¶¶ 8-9.) From the face of the complaint, a simple calculation reveals that damages are alleged in the amount of $29,860.00, minus the amounts already paid out by AICH.

Even if the court ignores these stated amounts because they are not included in the formal claim for damages, AICH has failed to carry its burden to establish the amount in controversy. Looking at the removal documents, the court finds that AICH has abjectly missed

the mark of the preponderance of the evidence standard.  AICH asserts that "[t]he insurance policy made the basis of the Plaintiff's breach-of-contract claim has a policy limit of $111,500 for the dwelling and $11,150 for loss of use."  (Notice of Removal ¶ VII.)  The policy limit, although not irrelevant, does not establish the amount in controversy where, as here, the policyholder has not alleged a total loss and instead alleges damages in an amount well below the policy limit.

AICH further claims that Fields "seeks an undisclosed amount of damages for 'lost rental income and other expenses.'" (*Id.*) The court can only conclude that AICH did not fully read the complaint because the amount of damages for rents ($4,360.00) and other expenses ($7,500.00) is indeed included in the complaint.

Finally, because Fields does not allege a specific amount of damages with respect to his bad faith claims and asks for punitive damages, AICH cites opinions from "Alabama appellate courts [that] have upheld awards in excess of $75,000 in bad-faith actions." (*Id.*)  Evidence of other verdicts does not establish that the amount in controversy is met here:

> [T]he facts regarding other cases tell us nothing about the value of the claims in this lawsuit.  Even were we to look to evidence beyond that contained within the notice of removal, in the present dispute – with a record bereft of detail – we cannot possibly ascertain how similar the current action is to those the defendants cite.  Absent specific detail about the present action, the supplement in no way clarifies the aggregate value of the claims here.

*Lowery*, 483 F.3d at 1221.  AICH provides no analysis about why the verdicts in its cited cases are probative of the amount in controversy in this case aside from the fact that the cases involve claims of bad faith.  The mere fact that other cases involved the same cause of action does not

establish the amount in controversy here.  Moreover, AICH does not carry its  burden of establishing that the amount in controversy is met by putting forth the bare assertion that the plaintiff seeks punitive damages: "[T]his argument begs the question of what those punitive damages are likely to be – a question that [the defendant] bears the burden of answering." *Moore v. CNA Found.*, 472 F. Supp. 2d 1327, 1332 (M.D. Ala. 2007).   AICH simply had no basis for removing this case to federal court.  AICH misstated the law and wasted the plaintiff's time and the court's resources.  Because AICH failed to establish by a preponderance of the evidence that the amount in controversy has been met,  the court must remand for lack of subject matter jurisdiction.

## IV.  CONCLUSION

For the reasons stated above, it is ORDERED that:

1.      The plaintiff's Motion to Remand (Doc. # 7) is GRANTED;

2.      This case shall be REMANDED to the Circuit Court of Montgomery County, Alabama; and

3.      The Clerk is DIRECTED to take all steps necessary to effect the remand.

DONE this 28th day of May, 2008.

_____/s/   W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE

6

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1.   **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a)   **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b)   **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c)   **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d)   **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e)   **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.    <u>**Time for Filing**</u>: The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

    (a)    **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)    **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)    **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)    **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)    **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.    <u>**Format of the notice of appeal:**</u> Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See</u> also Fed.R.App.P. 3(c). A <u>pro se</u> notice of appeal must be signed by the appellant.

4.    <u>**Effect of a notice of appeal:**</u> A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).